
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FILED
AUG 24 2016
BY_____ ARTHUR JOHNSTON
                          DEPUTY

HANNAH ROBINSON, a minor child )
who sues by and through her Mother )
and Next Friend KIMBERLY )
ROBINSON, individually and on behalf )
of the wrongful death beneficiaries of )
BILLY ROBINSON, deceased, )
)
    Plaintiff, )
v. ) Civil Action No.: 3:16cv655TSL-RHW
)
EXPRESS FREIGHT, INC., a )
corporation, and JOHN DOES )
I-X, )
)
    Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Hannah Grace Robinson, by and through her Mother and Next Friend, Kimberly Robinson, individually and on behalf of the wrongful death beneficiaries of Billy Robinson, deceased, and files this Complaint against the Defendant, Express Freight, Inc., and respectfully shows unto this Honorable Court as follows:

### PARTIES

1. Hannah Grace Robinson is the daughter of Billy Robinson, deceased, and a minor resident citizen of the State of Alabama.

2. Kimberly Robinson is the natural mother of Hannah Grace Robinson and an adult resident citizen of the State of Alabama.

3. Defendant Express Freight, Inc. is a Delaware corporation, upon whom process may be served by serving its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Defendants, John Does I-X, are corporations, business entities, or other persons, either individually or acting through their agents, servants or employees, who caused an event to occur out of which the claims that are the subject of this lawsuit arose. In addition, the enumerated business entities do business within the State of Mississippi. Plaintiffs do not know at this time the true identities of the Defendants so denominated and, therefore, sue them by fictitious names. Such fictitious Defendants, however, participated in the events which caused injuries to Plaintiffs, as hereinafter set forth. Plaintiffs will ask leave of this Court to amend their Complaint to reflect the true names of such fictitious Defendants as soon as the identities can be ascertained, and the appropriate charging allegations pertaining to each such Defendant will be set forth in detail at that time.

## JURISDICTION AND VENUE

5. Plaintiff readopts and incorporates Paragraphs one (1) through four (4) as if fully set forth herein.

6. Jurisdiction is proper in United States District Court pursuant to 28 U.S.C.A. § 1332 as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy, exclusive of interests and costs, exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391 insomuch as a substantial part of the counts giving rise to this complaint occurred in Newton County, Mississippi.

## FACTUAL ALLEGATIONS

7. The Plaintiff adopts and incorporates paragraphs one (1) through six (6) as if fully set out herein.

8. On August 11, 2016, decedent Billy Robinson was operating a delivery truck on behalf of United Parcel Service of America ("UPS"), traveling on Interstate Highway 20 in Newton County, Mississippi.

9. At the same time and place, a driver operating a truck belonging to Defendant Express Freight, Inc. caused his truck to collide with Billy Robinson's vehicle.

10. As the direct and proximate consequence of the collision described in Paragraph nine (9), the decedent, Billy Robinson, was killed.

## CAUSES OF ACTION

### I.  NEGLIGENCE/ GROSS NEGLIGENCE

11. Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set out herein.

12. The driver of the commercial truck owned by Defendant Express Freight, Inc., and operated on behalf of Express Freight Inc., while acting in the line and scope of his or her employment with Express Freight, Inc. breached his or her duty by negligently, recklessly, or wantonly failing to yield the right of way and otherwise failing to obey traffic rules, causing his or her vehicle to collide with the truck operated by decedent Billy Robinson on Interstate Highway 20 in Newton County, Mississippi.

13. Defendant's driver was under a duty at the time of the incident forming the basis of Plaintiff's Complaint to refrain from operating a motor vehicle on a public roadway negligently, recklessly, or wantonly.

14. As a direct and proximate consequence of the conduct of the Defendant, decedent Billy Robinson was killed.

15. Accordingly, Plaintiff, Hannah Grace Robinson, by and through her Mother and Next Friend Kimberly Robinson, individually and on behalf of the wrongful death beneficiaries of Billy Robinson, brings this action against Defendant Express Freight, Inc. for wrongful death, pursuant to Miss. Code Ann. § 11-7-13.

## II. RESPONDEAT SUPERIOR

16. The Plaintiff adopts and incorporates Paragraphs one (1) through fifteen (15) as if fully set out herein.

17. On the date of the incident forming the basis of this action, Defendant Express Freight, Inc. was the principal and/or employer of the driver operating the vehicle on behalf of Defendant.

18. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the driver who operated the truck owned by Express Freight, Inc. was acting as the agent, servant and/or employee of Defendant Express Freight, Inc.

19. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the driver who operated the truck owned by Express Freight, Inc. was acting within the line and scope of his employment with Defendant Express Freight, Inc.

20. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the driver who operated the truck owned by Express Freight, Inc. was operating said vehicle in furtherance of the business purposes of Defendant Express Freight, Inc.

21. As a result of the foregoing, Defendant Express Freight, Inc. is vicariously liable to Plaintiff for the negligent, reckless, or wanton conduct of its employee driver, who proximately caused the death of the decedent, Billy Robinson.

### III.  NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT

22.  The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-one (21) as if fully set out herein.

23.  At the time of the occurrence forming the basis of this action, the driver operating Defendant's commercial vehicle was acting as the agent, servant and/or employee of the Defendant.

24.  As the driver's principal and/or employer, Defendant Express Freight, Inc. had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

25.  Defendant negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made the basis of this action.

26.  As a proximate consequence thereof, Billy Robinson was killed.

### IV.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.  The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-six (26) as if fully set out herein.

28.  Defendant is also liable to Plaintiff Hannah Grace Robinson, individually and to the wrongful death beneficiaries of Billy Robinson, deceased, for negligent infliction of emotional distress. Specifically, Plaintiff and the wrongful death beneficiaries have suffered severe emotional distress from the sudden and

violent death of their family member, which was proximately caused by the negligence or gross negligence of the Defendant.

## DAMAGES

29. The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-eight (28) as if fully set out herein.

30. As a result and/or contributing cause of Defendant's negligence/gross negligence, Plaintiff suffered, and will continue to suffer mental and emotional pain and suffering, medical expenses, funeral expenses, loss of enjoyment of life, loss of love, society and companionship, loss of relationship and severe and permanent emotional distress.

31. As a result of the Defendant's negligence/gross negligence, Plaintiff has suffered pain and suffering, loss of enjoyment of life, loss of love and affection, economic loss, and loss of future income.

32. Therefore, the Plaintiff is entitled to any and all compensatory damages that are recoverable for her claims, including, but not limited to, all damages recoverable pursuant to the laws of the State of Mississippi.

33. Furthermore, Defendant's omissions, conduct, breaches, and failures were grossly negligent and/or were in conscious, willful, wanton, and reckless disregard of the rights of the Plaintiff and Plaintiff's decedent, thereby justifying an award of punitive damages against the Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests a trial by jury and judgment against the Defendant, individually, jointly and/or severally, for compensatory damages and all costs and expenses, and punitive damages against the Defendant in an amount sufficient to punish and deter Defendant and others from similar behavior, including attorney's fees, prejudgment interest calculated from the date of this demand until paid, and all costs of bringing this proceeding. Plaintiff further prays for all other relief, of either a legal or equitable nature, to which they may be entitled.

Respectfully submitted,

Nathan Van Der Veer
Attorney for Plaintiff
Farris, Riley & Pitt, LLP
1700 Financial Center
505 20th Street North
Birmingham, Alabama 35203
P (205) 324-1212
F (205) 324-1255

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Express Freight Inc.
The Company Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808