**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **HANNAH ROBINSON, a minor child who sues by and through her Mother and Next Friend KIMBERLY ROBINSON, individually and on behalf of the wrongful death beneficiaries of BILLY ROBINSON, deceased,** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| v. ) | **3:16-CV-655 TSL-RHW** |
| ) | |
| **EXPRESS FREIGHT, INC., a corporation, and JOHN DOES I-X,** )<br>)<br>) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Hannah Grace Robinson, by and through her Mother and Next Friend, Kimberly Robinson, individually and on behalf of the wrongful death beneficiaries of Billy Robinson, deceased, and files this First Amended Complaint, pursuant to USCS Fed. Rules Civ. Proc. R. 15(a)(1). Plaintiff's Amended Complaint is intended to add Double J Logistics, LLC and Skymile Logistics, Inc. as Defendants in the above-styled cause. Thus, Plaintiff submits that the Complaint, as amended, should hereby read as follows:

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

1

| | |
|---|---|
| **HANNAH ROBINSON, a minor child** ) <br> **who sues by and through her Mother** ) <br> **and Next Friend KIMBERLY** ) <br> **ROBINSON, individually and on behalf** ) <br> **of the wrongful death beneficiaries of** ) <br> **BILLY ROBINSON, deceased,** ) <br> ) <br>     **Plaintiff,** ) <br> **v.** ) <br> ) <br> **EXPRESS FREIGHT, INC., a** ) <br> **corporation; DOUBLE J** ) <br> **LOGISTICS, LLC, a corporation;** ) <br> **SKYMILE LOGISTICS, INC., a** ) <br> **corporation; and JOHN DOES I-X,** ) <br> ) <br>     **Defendants.** ) | **3:16-CV-655 TSL-RHW** |

## COMPLAINT

COMES NOW the Plaintiff, Hannah Grace Robinson, by and through her Mother and Next Friend, Kimberly Robinson, individually and on behalf of the wrongful death beneficiaries of Billy Robinson, deceased, and files this Complaint against the Defendants, and respectfully shows unto this Honorable Court as follows:

## PARTIES

1. Hannah Grace Robinson is the daughter of Billy Robinson, deceased, and a minor resident citizen of the State of Alabama.

2. Kimberly Robinson is the natural mother of Hannah Grace Robinson and an adult resident citizen of the State of Alabama.

3. Defendant Express Freight, Inc. is a Delaware corporation, upon whom process may be served by serving its registered agent, The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Defendant, Double J Logistics, LLC, is a Georgia corporation, upon whom process may be served by serving its registered agent, Janice Johnson, 737 Post Road Drive, Stone Mountain, Georgia 30088.

5. Defendant, Skymile Logistics, Inc., is a Georgia corporation, upon whom process may be served by serving its registered agent Susan T. Grissom, Grissom Law, LLC, 10475 Medlock Bridge Road, Suite 215, Johns Creek, Georgia 30097.

6. Defendants, John Does I-X, are corporations, business entities, or other persons, either individually or acting through their agents, servants or employees, who caused an event to occur out of which the claims that are the subject of this lawsuit arose. In addition, the enumerated business entities do business within the State of Mississippi. Plaintiffs do not know at this time the true identities of the Defendants so denominated and, therefore, sue them by fictitious names. Such fictitious Defendants, however, participated in the events which caused injuries to Plaintiffs, as hereinafter set forth. Plaintiffs will ask leave of this Court to amend their Complaint to reflect the true names of such fictitious Defendants as soon as the

identities can be ascertained, and the appropriate charging allegations pertaining to each such Defendant will be set forth in detail at that time.

## JURISDICTION AND VENUE

5. Plaintiff readopts and incorporates Paragraphs one (1) through four (4) as if fully set forth herein.

6. Jurisdiction is proper in United States District Court pursuant to 28 U.S.C.A. § 1332 as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy, exclusive of interests and costs, exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391 insomuch as a substantial part of the counts giving rise to this complaint occurred in Newton County, Mississippi.

## FACTUAL ALLEGATIONS

7. The Plaintiff adopts and incorporates paragraphs one (1) through six (6) as if fully set out herein.

8. On August 11, 2016, decedent Billy Robinson was operating a delivery vehicle on behalf of United Parcel Service of America ("UPS"), traveling on Interstate Highway 20 in Newton County, Mississippi.

9. At the same time and place, drivers employed by Defendants, who were operating vehicles belonging to, and/or on behalf of the Defendants, caused their vehicles to collide with Billy Robinson's vehicle.

10. As the direct and proximate consequence of the collision described in Paragraph nine (9), the decedent, Billy Robinson, was killed.

## CAUSES OF ACTION

### I.  NEGLIGENCE/ GROSS NEGLIGENCE

11. Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set out herein.

12. The drivers of the commercial vehicles owned by Defendants and operated on behalf of the Defendants, while acting in the line and scope of their employment with Defendants, breached their duty by negligently, recklessly, or wantonly failing to yield the right of way and otherwise failing to obey traffic rules, causing their vehicles to collide with the vehicle operated by decedent Billy Robinson on Interstate Highway 20 in Newton County, Mississippi.

13. Defendants' drivers were under a duty at the time of the incident forming the basis of Plaintiff's Complaint to refrain from operating a motor vehicle on a public roadway negligently, recklessly, or wantonly.

14. As a direct and proximate consequence of the conduct of the Defendants, decedent Billy Robinson was killed.

15. Accordingly, Plaintiff, Hannah Grace Robinson, by and through her Mother and Next Friend Kimberly Robinson, individually and on behalf of the

wrongful death beneficiaries of Billy Robinson, brings this action against Defendants for wrongful death, pursuant to Miss. Code Ann. § 11-7-13.

## II. RESPONDEAT SUPERIOR

16. The Plaintiff adopts and incorporates Paragraphs one (1) through fifteen (15) as if fully set out herein.

17. On the date of the incident forming the basis of this action, the Defendants were the principals and/or employers of the drivers operating the vehicles on behalf of Defendants.

18. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the drivers who operated the vehicles owned by, and/or on behalf of the Defendants were acting as the agents, servants and/or employees of the Defendants.

19. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the drivers who operated the vehicles owned by, and/or on behalf of the Defendants were acting within the line and scope of their employment with the Defendants.

20. At the time of the occurrence forming the basis of the Plaintiff's Complaint, the drivers who operated the vehicles owned by, and/or on behalf of the Defendants were operating said vehicles in furtherance of the business purposes of the Defendants.

21. As a result of the foregoing, Defendants are vicariously liable to Plaintiff for the negligent, reckless, or wanton conduct of their employed drivers, who proximately caused the death of the decedent, Billy Robinson.

### III. NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT

22. The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-one (21) as if fully set out herein.

23. At the time of the occurrence forming the basis of this action, the drivers operating Defendants' commercial vehicles were acting as the agents, servants and/or employees of the Defendants.

24. As the drivers' principals and/or employers, the Defendants had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

25. Defendants negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made the basis of this action.

26. As a proximate consequence thereof, Billy Robinson was killed.

### IV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-six (26) as if fully set out herein.

28.	Defendants are also liable to Plaintiff Hannah Grace Robinson, individually and to the wrongful death beneficiaries of Billy Robinson, deceased, for negligent infliction of emotional distress.  Specifically, Plaintiff and the wrongful death beneficiaries have suffered severe emotional distress from the sudden and violent death of their family member, which was proximately caused by the negligence or gross negligence of the Defendants.

## DAMAGES

29.	The Plaintiff adopts and incorporates Paragraphs one (1) through twenty-eight (28) as if fully set out herein.

30.	As a result and/or contributing cause of Defendants' negligence/gross negligence, Plaintiff suffered, and will continue to suffer mental and emotional pain and suffering, medical expenses, funeral expenses, loss of enjoyment of life, loss of love, society and companionship, loss of relationship and severe and permanent emotional distress.

31.	As a result of the Defendants' negligence/gross negligence, Plaintiff has suffered pain and suffering, loss of enjoyment of life, loss of love and affection, economic loss, and loss of future income.

32.	Therefore, the Plaintiff is entitled to any and all compensatory damages that are recoverable for her claims, including, but not limited to, all damages recoverable pursuant to the laws of the State of Mississippi.

33. Furthermore, Defendants' omissions, conduct, breaches, and failures were grossly negligent and/or were in conscious, willful, wanton, and reckless disregard of the rights of the Plaintiff and Plaintiff's decedent, thereby justifying an award of punitive damages against the Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests a trial by jury and judgment against the Defendants, individually, jointly and/or severally, for compensatory damages and all costs and expenses, and punitive damages against the Defendants in an amount sufficient to punish and deter Defendants and others from similar behavior, including attorney's fees, prejudgment interest calculated from the date of this demand until paid, and all costs of bringing this proceeding. Plaintiff further prays for all other relief, of either a legal or equitable nature, to which they may be entitled.

Respectfully submitted,

Nathan Van Der Veer
Attorney for Plaintiff
Farris, Riley & Pitt, LLP
1700 Financial Center
505 20th Street North
Birmingham, Alabama 35203
P (205) 324-1212
F (205) 324-1255


**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

Express Freight Inc.
The Company Corporation
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

Double J Logistics, LLC
Janice Johnson
737 Post Road Drive
Stone Mountain, Georgia 30088

Skymile Logistics, Inc.
Susan T. Grissom
Grissom Law, LLC
10475 Medlock Bridge Road
Suite 215
Johns Creek, Georgia 30097