IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

H.R., a minor child
who sues by and through her Mother
and Next Friend, KIMBERLY
ROBINSON, individually and on behalf
of the wrongful death beneficiaries of
BILLY ROBINSON, Deceased                                               PLAINTIFF

VS.                                                                        3:16-CV-655-TSL-RHW

EXPRESS FREIGHT, INC., a corporation,
DOUBLE J LOGISTICS, LLC, a corporation,
SKYMILE LOGISTICS, INC., a corporation,
and JOHN DOES I-X                                                      DEFENDANTS

## ANSWER AND DEFENSES OF DEFENDANT DOUBLE J LOGISTICS, LLC

COMES NOW Defendant, Double J. Logistics, in the above-styled matter, through undersigned counsel, and files its Answer and Defenses to the Corrected Plaintiff's First Amended Complaint as follows:

## FIRST DEFENSE

The Plaintiff's First Amended Complaint fails to state a cause of action against the Defendant, Double J Logistics, LLC, upon which relief may be granted, and, therefore the Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE: ANSWER

Answering the allegations of the Plaintiff's First Amended Complaint, paragraph by paragraph, this Defendant, Double J Logistics, LLC, answers as follows:

1. The allegations contained in Paragraph 1 of the Amended Complaint are denied as the Defendant is without information or knowledge sufficient to admit or deny same.

2. The allegations contained in Paragraph 2 of the Amended Complaint are denied as the Defendant is without information or knowledge sufficient to admit or deny same.

3. The allegations contained in Paragraph 3 of the Amended Complaint are denied as the Defendant is without information or knowledge sufficient to admit or deny same.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are admitted upon information and belief.

6. The allegations contained in paragraph 6 are not directed at and do not require a response of this Defendant. To the extent a response is required or the allegations are construed adversely against Double J, the allegations contained in paragraph 6 are denied.

7. In response to the paragraph, incorrectly numbered "5." under the heading "Jurisdiction and Venue," the foregoing denials and defenses are adopted and incorporated herein by reference.

8. In response to the second paragraph, incorrectly numbered "6." under the heading "Jurisdiction and Venue," the allegations contained therein are admitted upon information and belief.

9. In response to the paragraph numbered "7." the foregoing denials and defenses are adopted and incorporated herein by reference.

10. Upon information and belief, the allegations contained in paragraph numbered 8 are admitted.

11. The allegations contained in paragraph numbered 9 are denied as they

relate to Double J Logistics. It is expressly denied that the Double J vehicle was caused to collide with Billy Robinson's vehicle.

12. The allegations contained in the paragraph numbered 12 are denied as stated. It is admitted only that the decedent, Billy Robinson, was fatally injured as a result of the collision, but it is denied that the Defendant, Double J Logistics, LLC, or the driver of its vehicle, proximately caused or contributed to the injuries and death.

13. In response to paragraph numbered 11, the foregoing denials and defenses are adopted by reference and incorporated herein.

14. The allegations contained in paragraph numbered 12 are denied.

15. The allegations contained in paragraph numbered 13 are denied as stated. Defendant admits only that all drivers and operators of motor vehicles on Mississippi highways and public roadways, including the Plaintiff's decedent, are governed by the Rules of the Road, which includes the duty to refrain from operating a motor vehicle negligently, recklessly, or wantonly.

16. The allegations contained in paragraph numbered 14 are denied.

17. The allegations contained in paragraph numbered 15 are denied.

18. In response to paragraph numbered 16, the foregoing denials and defenses are adopted herein and incorporated by reference.

19. The allegations contained in paragraph numbered 17 insofar as they are alleged against Double J are denied as stated and denied as requiring an application of fact to law and this Defendant is not a lawyer.

20. The allegations contained in the paragraph numbered 18 insofar as they

are alleged against Double J are denied as stated and denied as requiring a conclusion of law.

21. The allegations contained in the paragraph numbered 19 insofar as they are alleged against Double J are denied as stated and denied as requiring a conclusion of law.

22. The allegations contained in the paragraph numbered 20 insofar as they are alleged against Double J are denied as stated and denied as requiring a conclusion of law.

23. The allegations contained in paragraph numbered 21 are denied insofar as they are alleged against Double J as requiring a conclusion of law.

24. In response to the allegations contained in paragraph 22, the foregoing denials and defenses are adopted herein and incorporated by reference.

25. The allegations contained in the paragraph numbered 23 insofar as they are alleged against Double J are denied as stated and denied as requiring a conclusion of law.

26. The allegations contained in the paragraph numbered 24 insofar as they are alleged against Double J are denied as stated and denied as requiring a conclusion of law.

27. The allegations contained in the paragraph numbered 25 insofar as they are alleged against Double J are denied.

26. The allegations contained in the paragraph numbered 26 are denied.

28. In response to the paragraph numbered 27, the foregoing denials and defenses are adopted and incorporated herein by reference.

30. The allegations contained in the paragraph numbered 28 are denied

insofar as they are alleged against Double J.

31. In response to paragraph numbered 29, the Defendant adopts and incorporates by reference herein the denials and defenses contained in the foregoing paragraphs.

32. The allegations contained in the paragraph numbered 30 insofar as they are alleged against Double J are denied.

33. The allegations contained in the paragraph numbered 31 insofar as they are alleged against Double J are denied.

34. The allegations contained in the paragraph numbered 32 insofar as they are alleged against Double J are denied.

35. The allegations contained in the paragraph numbered 33 insofar as they are alleged against Double J are denied.

36. The allegations contained in the unnumbered paragraph beginning with the words, "Wherefore, premises considered," are denied and Defendant, Double J Logistics, LLC, denies that the Plaintiff is entitled to any judgment, award, or recovery in any amounts or of any type whatsoever from or against this Defendant.

### THIRD DEFENSE

The collision and Plaintiff's alleged injuries and damages arising therefrom, if any, were caused or contributed to by the negligent and/or intentional acts, wrongs, or omissions of the Plaintiff's decedent and/or other persons, entities, forces or things over whom Defendant Double J Logistics LLC had no control and/or for which Defendant Double J is not responsible. As to all such persons, including those not named in this litigation, Defendant Double J Logistics LLC pleads the apportionment and other

provisions of Miss. Code Ann. § 85-5-7 and Miss. Code Ann. § 11-7-15.

**FOURTH DEFENSE**

The Defendant, Double J Logistics, LLC, asserts the doctrine of contributory or comparative negligence. Immediately before and/or during the alleged accident, Plaintiff's decedent, Billy Robinson, was negligent as alleged in the Counterclaim and Cross-Claim filed in this matter and in a manner to be further specified during discovery, which negligence was the sole proximate cause or a proximate contributing cause of the alleged accident, injuries and damages claimed by Plaintiff. Any recovery should therefore be barred or reduced by the amount of such negligence attributable to the Plaintiff's decedent.

**FIFTH DEFENSE**

The Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which the Defendant, Double J Logistics, LLC, had no control and is thus, not liable.

**SIXTH DEFENSE**

The Plaintiff and/or Plaintiff's decedent may have failed to mitigate their damages and/or injuries, and Defendant is not liable to Plaintiff for any damages and/or injuries caused or contributed to by the Plaintiff and/or Plaintiff's decedent's failure to mitigate.

**SEVENTH DEFENSE**

The Defendant, Double J Logistics, LLC, committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by the Plaintiff; Double J breached no legal duty owing to Plaintiff or Plaintiff's decedent; Defendant Double J did not cause Plaintiff to sustain any damages whatsoever; and Defendant Double J demands that all claims filed against it be dismissed with all costs taxed against

the Plaintiff.

## EIGHTH DEFENSE

The Defendant, Double J Logistics, LLC, asserts the following affirmative defenses which may be applicable: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver, and further reserves the right to assert further affirmative defenses if they become evident through discovery or investigation.

## NINTH DEFENSE

The Plaintiff's claim for punitive damages under Mississippi law violates the Defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article III, Sections 14, 23, 26, and 28 of the Mississippi Constitution because, among other things: (1) Mississippi's standard for an award of punitive damages is so vague and indefinite that it does not give the Counter-defendant fair notice of the kind of conduct that would subject it to punishment or the severity of the penalty that the state might impose; (2) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate amount of the punitive damage award; (3) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principals of punishment and deterrence; (4) an award of punitive damages is not subject to judicial review on the basis of objective and uniform standards; (5) the Plaintiff's claim exceeds the legitimate interest of the State in pushing unlawful conduct and deterring its repetition; (6) Plaintiff's claim is grossly excessive in comparison to the civil or criminal penalties that could be

imposed for comparable conduct; (7) there is no basis to assume that a lesser deterrent would not adequately protect the interest of the State's citizens; (8) Plaintiff's claims would impose an undue burden on interstate commerce; and (9) for other reasons to be assigned at trial.   In the alternative, the Defendant asserts the provisions of Miss. Code Ann. § 11-1-65 that are applicable.

### TENTH DEFENSE

The Plaintiff's request for an award of attorneys' fees and costs, has no basis in applicable law or fact and should be dismissed.  There is no applicable statutory provision which would support such an award and no contractual agreement or relationship exists between the parties that would support such an award.

### ELEVENTH DEFENSE

The Plaintiff's request for an award of pre-judgment interest has no basis in applicable law or fact and should be dismissed.  There is no applicable statutory provision which would support such an award and no contractual agreement or relationship exists between the parties that would support such an award.

### TWELFTH DEFENSE

Unless expressly admitted herein, the Defendant, Double J Logistics, LLC., hereby denies all allegations of the Amended Complaint.

AND NOW, having fully answered the Amended Counterclaim, the Defendant Double J. Logistics, LLC, hereby demands judgment dismissing the Amended Complaint with prejudice and awarding costs.

THIS, the 7th day of October, 2016.

                Respectfully submitted,

                */s/ Ginny Y. Kennedy*
                GINNY Y. KENNEDY, MB # 102199
                Attorney for Defendant Double J Logistics, LLC

OF COUNSEL:

WATSON HEIDELBERG JONES PLLC
2829 Lakeland Drive, Suite 1502
Flowood, Mississippi 39232
P.O. Box 23546
Jackson, Mississippi 39225-3546
601-939-8900 (general)
Fax.601-932-4400
gkennedy@whjpllc.com

## **CERTIFICATE OF SERVICE**

I, Ginny Y. Kennedy, attorney for Double J Logistics, LLC, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on all counsel of record as follows:

Robert S. Mink, Esq.
1000 Highland Colony Parkway
Building 5000, Suite 5203
Ridgeland, MS 39157

Nathan Van Der Veer, Esq.
FARRIS RILEY & PITT, LLP
1700 Financial Center
505 20th Street North
Birmingham, AL 35203

THIS, the 7th day of October 2016.

                                              */s/ Ginny Y. Kennedy*
                                              GINNY Y. KENNEDY