IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

H.R., a minor child
who sues by and through her Mother
and Next Friend, KIMBERLY
ROBINSON, individually and on behalf
of the wrongful death beneficiaries of
BILLY ROBINSON, Deceased                                        PLAINTIFF

VS.                                                    3:16-CV-655-TSL-RHW

DOUBLE J LOGISTICS, LLC, a corporation,
SKYMILE LOGISTICS, INC., a corporation,
DERRICK A. FRANKLIN, an individual;
ZEWDIE D. DUGDA, an individual,
and JOHN DOES I-X                                               DEFENDANTS


DERRICK A. FRANKLIN, an individual
And DOUBLE J LOGISTICS, LLC, a corporation      COUNTER/CROSS PLAINTIFFS

VS.

ZEWDIE D. DUGDA, an individual
SKYMILE LOGISTICS, INC., a corporation          CROSS-DEFENDANTS
THE WRONGFUL DEATH BENEFICIARIES
OF BILLY ROBINSON, Deceased,
by and through H.R., a minor, and              COUNTER-DEFENDANT
UNITED PARCEL SERVICE, INC.                    THIRD-PARTY DEFENDANT

**ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINTBY
DEFENDANTS DOUBLE J LOGISTICS LLC AND DERRICK A. FRANKLIN
COUNTER-CLAIMS, CROSS-CLAIMS AND THIRD PARTY COMPLAINT OF
DEFENDANTS DOUBLE J LOGISTICS, LLC AND DERRICK A. FRANKLIN**


COME NOW Defendants, Double J. Logistics, LLC, and Derrick A. Franklin, in the

above-styled matter, through undersigned counsel, and file their Answer and Defenses to

Plaintiff's Second Amended Complaint, and assert their Counterclaims, Cross-Claims and

Third-Party claims as follows:

## FIRST DEFENSE

The Plaintiff's Second Amended Complaint fails to state a cause of action against the Defendants, Double J Logistics, LLC and Derrick A. Franklin, upon which relief may be granted, and, therefore the Plaintiff's Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE: ANSWER

Answering the allegations of the Plaintiff's Second Amended Complaint, paragraph by paragraph, the Defendants, Double J Logistics, LLC and Derrick A. Franklin, answer as follows:

1.      The allegations contained in Paragraph 1 of the Second Amended Complaint are denied as the Defendant are without information or knowledge sufficient to admit or deny same.

2.      The allegations contained in Paragraph 2 of the Second Amended Complaint are denied as the Defendants are without information or knowledge sufficient to admit or deny same.

3.      The allegations contained in Paragraph 3 of the Second Amended Complaint are admitted.

4.      The allegations contained in paragraph 4 are admitted upon information and belief.

5.      The allegations contained in paragraph 5 are admitted.

6.      The allegations contained in paragraph 6 are admitted upon information and belief.

7.      The allegations contained in paragraph 7 are not directed at these Answering Defendants and require no response of them.  To the extent the allegations are construed adversely against these Defendants or so as to require a response, they are denied.

8.      The foregoing denials and defenses are adopted and incorporated herein by reference.

9.    Defendants admit that this Court has subject matter and personal jurisdiction over this action and these parties.   Defendants admit that venue is appropriate in this district and division.

10.    The foregoing denials and defenses are adopted and incorporated herein by reference.

11.    Upon information and belief, the allegations contained in paragraph numbered 11 are admitted.

12.    The allegations contained in paragraph numbered 12 are denied as stated and denied as to the employment relationship between Derrick Franklin and Double J Logistics. Upon information and belief, Defendants admit that Zewdie Dugda was operating a commercial vehicle on behalf of or owned by Skymile Logistics.   Defendants admit only that Franklin was operating a commercial vehicle on behalf of Double J Logistics, but deny that Franklin was an "employee," as such requires an application of facts to law and the facts have not yet been developed.   Defendants expressly deny that the Double J vehicle was caused to collide with Billy Robinson's vehicle.

13.    The allegations contained in the paragraph numbered 13 are denied as stated. Defendants admit that there was a collision between the vehicle operated by Dugda and the vehicle operated by Franklin, but the remaining allegations are denied as stated and denied pending further discovery.

14.    The allegations contained in paragraph 14 are denied.

15.    The allegations contained in paragraph 15 are denied. It is admitted only that the vehicle operated by Billy Robinson collided with the vehicle operated by Franklin.

16.    The foregoing denials and defenses are adopted by reference and incorporated herein.

17.    The allegations contained in paragraph numbered 17 are denied as stated. Defendants admit only that Franklin was operating a commercial vehicle on behalf of Double J Logistics.

18.    The allegations contained in paragraph 18 are denied as stated as being an incomplete statement of applicable law.    Defendants admit only that all drivers and operators of motor vehicles on Mississippi highways and public roadways, including the Plaintiff's decedent, are governed by the Rules of the Road, which includes the duty to operate the motor vehicle under his/her control in a reasonable and prudent manner.

19.    The allegations contained in paragraph 19 are denied as stated, as being an incomplete statement of applicable law.    Defendants admit only that all drivers and operators of motor vehicles on Mississippi highways and public roadways, including the Plaintiff's decedent, are governed by the Rules of the Road.

20.    The allegations contained in paragraph numbered 20 are denied.

21.    The allegations contained in paragraph numbered 21 are denied.

22.    The allegations contained in paragraph 22 are denied.

23.    The statement in paragraph 23 does not require a response of this Defendant.    To the extent the statement is construed as allegations which require a response or are construed adversely against these Defendants, paragraph 23 is denied.

24.    The foregoing denials and defenses are adopted herein and incorporated by reference.

25-31. The allegations contained in paragraphs numbered 25-31 are not directed at and do not require a response of these Defendants.    To the extent the allegations contained in paragraphs 25through 31 are construed adversely against these Defendants or so as to require a response, they are denied.

32.     The defenses and denials contained in the foregoing paragraphs are adopted and incorporated herein by reference.

33.     The allegations contained in paragraph 33 are denied as requiring an application of fact to law and requiring a legal conclusion.  Defendants admit only that Franklin was operating the tractor trailer owned and/or leased by Double J Logistics in furtherance of the business of Double J Logistics.

34.     The allegations contained in paragraph 34 are denied as stated and denied as requiring a legal conclusion.

35.     The allegations contained in paragraph 35 are denied as stated and denied as requiring a legal conclusion.

36.     The allegations contained in paragraph 36 are admitted.

37.     The allegations contained in paragraph 37 are denied.  Defendants expressly deny any negligence, recklessness, or wanton conduct by Franklin and further deny that Franklin caused or proximately caused the death of Billy Robinson.

38.     The foregoing denials and defenses are adopted and incorporated herein by reference.

39.-43. The allegations contained in paragraphs 39 through 43 of this Second Amended Complaint are not directed at and do not require a response of these answering Defendants.   To the extent they are construed adversely against Franklin and/or Double J Logistics, or to the extent a response is required, the allegations contained in paragraphs 39 through 43 are denied.

44.     The foregoing denials and defenses are adopted and incorporated herein by reference.

45.     The allegations contained in paragraph 45 are denied as stated and denied as requiring a legal conclusion.

46.     The allegations contained in the paragraph numbered 46 are denied as being an incomplete statement of applicable law.

47.     The allegations contained in paragraph 47 are denied.

48.     The allegations contained in paragraph 48 are denied.

49.     The foregoing denials and defenses are adopted and incorporated herein by reference.

50. - 53.     The allegations contained in paragraphs numbered 50 through 53 are not directed at and do not require a response of these answering Defendants.   To the extent they are construed adversely against these Defendants or so as to require a response of these Defendants, the allegations contained in paragraph 50 through 53 are denied.

54.     The denials and defenses contained in the foregoing paragraphs are adopted and incorporated herein by reference.

55.     The allegations contained in the paragraph numbered 55 are denied insofar as they relate to Defendants Franklin and/or Double J Logistics.   These Defendants expressly deny any negligence and/or gross negligence which proximately caused or contributed to the death of Billy Robinson.

56.     The denials and defenses contained in the foregoing paragraphs are adopted and incorporated herein by reference.

60. [sic]     Insofar as they are directed at these answering Defendants, Franklin and/or Double J Logistics, the allegations contained in the paragraph numbered 60 are denied.

61.     The allegations contained in the paragraph numbered 61 are denied insofar as they relate to or are directed at Defendants Franklin and/or Double J Logistics.

62.     The allegations contained in the paragraph numbered 62 are denied insofar as they relate to or are directed at Defendants Franklin and/or Double J Logistics.

63.     The allegations contained in the unnumbered paragraph beginning with the words, "Wherefore, premises considered," are denied and Defendants, Derrick A. Franklin and Double J Logistics, LLC, deny that the Plaintiff is entitled to any judgment, award, or recovery in any amounts or of any type whatsoever from or against these Defendants.

**THIRD DEFENSE**

The collision and Plaintiff's alleged injuries and damages arising therefrom, if any, were caused or contributed to by the negligent and/or intentional acts, wrongs, or omissions of the Plaintiff's decedent and/or other persons, entities, forces or things over whom Defendants Franklin and/or Double J Logistics LLC had no control and/or for which Defendants Franklin and/or Double J are not responsible.   As to all such persons, including those not named in this litigation, Defendants Derrick A. Franklin and Double J Logistics LLC plead the apportionment and other provisions of Miss. Code Ann. § 85-5-7 and Miss. Code Ann. § 11-7-15.

**FOURTH DEFENSE**

The Defendants, Derrick A. Franklin and Double J Logistics, LLC, assert the doctrine of contributory or comparative negligence.   Immediately before and/or during the alleged accident, Plaintiff's decedent, Billy Robinson, was negligent as alleged in the Counterclaim and/or third party claims filed in this matter and in a manner to be further specified during discovery, which negligence was the sole proximate cause or a proximate contributing cause of the alleged accident, injuries and damages claimed by Plaintiff.   Any recovery should therefore be barred or reduced by the amount of such negligence attributable to the Plaintiff's decedent.

**FIFTH DEFENSE**

The Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which the Defendants, Franklin and Double J Logistics, LLC, had no

control and thus are not liable.

### SIXTH DEFENSE

The Plaintiff and/or Plaintiff's decedent may have failed to mitigate their damages and/or injuries, and Defendants are not liable to Plaintiff for any damages and/or injuries caused or contributed to by the Plaintiff and/or Plaintiff's decedent's failure to mitigate.

### SEVENTH DEFENSE

The Defendants, Franklin and Double J Logistics, LLC, committed no act(s) that proximately caused or contributed to any alleged damages and/or injuries sustained by the Plaintiff; Neither Franklin nor Double J breached any legal duty owing to Plaintiff or Plaintiff's decedent; Franklin and/or Double J did not cause Plaintiff to sustain any damages whatsoever; and Defendants Franklin and Double J demand that all claims filed against it be dismissed with all costs taxed against the Plaintiff.

### EIGHTH DEFENSE

The Defendants, Derrick A. Franklin and Double J Logistics, LLC, assert the following affirmative defenses which may be applicable: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver, and further reserves the right to assert further affirmative defenses if they become evident through discovery or investigation.

### NINTH DEFENSE

The Plaintiff's claim for punitive damages under Mississippi law violates the Defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article III, Sections 14, 23, 26, and 28 of the Mississippi Constitution because, among other things: (1) Mississippi's standard for an award of punitive damages is so vague and

indefinite that it does not give the Counter-defendant fair notice of the kind of conduct that would subject it to punishment or the severity of the penalty that    the state might impose; (2) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate amount of the punitive damage award; (3) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principals of punishment and deterrence; (4) an award of punitive damages is not subject to judicial review on the basis of objective and uniform standards; (5) the Plaintiff's claim exceeds the legitimate interest of the State in pushing unlawful conduct and deterring its repetition; (6) Plaintiff's claim is grossly excessive in comparison to the civil or criminal penalties that could be imposed for comparable conduct; (7) there is no basis to assume that a lesser deterrent would not adequately protect the interest of the State's citizens; (8) Plaintiff's claims would impose an undue burden on interstate commerce; and (9) for other reasons to be assigned at trial.    In the alternative, the Defendants assert the provisions of Miss. Code Ann. § 11-1-65 that are applicable.

## **TENTH DEFENSE**

The Plaintiff's request for an award of attorneys' fees and costs, has no basis in applicable law or fact and should be dismissed.   There is no applicable statutory provision which would support such an award and no contractual agreement or relationship exists between the parties that would support such an award.

## **ELEVENTH DEFENSE**

The Plaintiff's request for an award of pre-judgment interest has no basis in applicable law or fact and should be dismissed.   There is no applicable statutory provision which would support such an award and no contractual agreement or relationship exists between the parties that would support such an award.

**TWELFTH DEFENSE**

Unless expressly admitted herein, the Defendants, Derrick A. Franklin and Double J Logistics, LLC., hereby deny all allegations of the Plaintiff's Second Amended Complaint.

AND NOW, having fully answered the Second Amended Complaint, the Defendants Derrick A. Franklin and Double J. Logistics, LLC, hereby demand judgment dismissing the Second Amended Complaint with prejudice and awarding costs.

**COUNTERCLAIM, CROSS-CLAIM AND THIRD-PARTY COMPLAINT**

COME NOW, Derrick A. Franklin (hereinafter "Franklin"), and Double J Logistics, LLC ("Double J Logistics"), by and through the undersigned counsel of record, and pursuant to Rules 13, 14, 19, and 20 of the Federal Rules of Civil Procedure and other applicable authorities, file and assert their counterclaims and cross-claims against the Counter-Defendant Billy Larry Robinson ("Decedent");   Cross-Defendant, Zewdie D. Dugda ("Dugda"); Cross-Defendant Skymile Logistics ("Skymile") and Cross-Defendants John Does I-X, and Third-Party Complaint against United Parcel Service ("UPS") and, in support thereof, state as follows:

**PARTIES**

1.     Counter/Cross-Plaintiff, Derrick A. Franklin, is an adult resident of the State of Georgia.

2.     Counter/Cross-Plaintiff, Double J Logistics, LLC is a limited liability company existing under the authority of the State of Georgia.    Double J Logistics' sole member is Janice Johnson, an individual resident of the state of Georgia.

3.     Counter-Defendant, Billy Larry Robinson, Deceased, is represented in this action by his surviving natural daughter, H.R., by and through her natural mother, Kimberly Robinson, who may be served with process by serving their counsel of record in this case.    Upon

information and belief, Decedent Robinson was, at the time of his death, a resident of the State of Alabama, and his representative in this action, H.R., is a resident of the State of Alabama.

4.      Cross-Defendant, Zewdie D. Dugda, upon information and belief, is an adult resident of the State of Texas and may be served with process by serving his counsel of record in this action.

5.      Cross-Defendant, Skymile Logistics, upon information and belief, is a Georgia corporation organized and existing under the laws of Georgia.    Cross-Defendant Skymile Logistics may be served with process by serving its counsel of record in this action.    At all times relevant herein, the Defendant, Skymile Logistics, had a duty to Cross-Plaintiffs, Franklin and Double J Logistics, to maintain its equipment and vehicles, and to maintain control of its drivers, employees, and/or statutory employees, including Cross-Defendant, Zewdie D. Dugda.

6.      Third-Party Defendant, United Parcel Service, Inc. (hereinafter "UPS") is a foreign corporation authorized to do and doing business in the State of Mississippi, which may be served with process of this Court by serving its registered agent, CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232. At all times relevant herein, UPS had a duty to Counter/Cross Plaintiffs, Franklin and Double J Logistics, to maintain its equipment and vehicles, and to maintain control of its drivers, employees, and/or statutory employees, including Decedent/Counter-Defendant, Billy Larry Robinson.

7.      John Does I-X are believed to be corporations, entities, or individuals whose negligence, or the negligence of their employees or agents, caused or contributed to Plaintiffs' injuries and/or damages as described herein.    The identities of Defendants John Does I-X are unknown to Counter/Cross Plaintiffs, Franklin and Double J Logistics, at the present time. Franklin and Double J Logistics should be allowed to amend this complaint to designate as defendants such corporations, entities, or individuals at a time when said proper identities may be

ascertained by them and they hereby respectfully request leave of the Court to do so, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

8.    As this Court has original subject matter jurisdiction over the Plaintiff's claims and this action, pursuant to 28 U.S.C. 1332, it is proper for this Court to exercise ancillary and/or supplemental jurisdiction over the counterclaims, cross-claims, and third party claims asserted herein by Franklin and Double J Logistics, which arise from the same transaction or occurrence that is the subject matter of the Plaintiff's claims, arise from the same accident or sequence of events, are so related to the claims in this action, and/or which form part of the same case or controversy.   *See Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236–37 (5th Cir. 1988); s*ee also* 28 U.S.C. § 1367(a).   *See also H. L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433–34 (5th Cir. 1967) (holding that where the counterclaim is compulsory against the original plaintiff, no independent jurisdictional ground need exist where an additional party is brought into the case by the counterclaimant.); *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 581 (5th Cir. 2004) ("The district court had supplemental jurisdiction over the defendant's counterclaims against the additional party . . . notwithstanding the lack of diversity between those two parties."); *confra Alfa Ins. Corp. v. Word of Faith Ministries*, 139 F.R.D. 350, 353 (S.D. Miss. 1991.

9.    Venue is proper in this district and division as the situs of the accident giving rise to the claims and competing claims in this action was in Newton County, Mississippi, within this district and division.

## FACTS

10.    Franklin and Double J Logistics adopt and allege the allegations contained in the foregoing paragraphs 1-9, of this CounterClaim/Cross/Third-Party Complaint as if fully set out herein.

11.     On August 11, 2016, at approximately 4:00 a.m., at or near mile marker 99, Plaintiff, Derrick A. Franklin, was the driver of a tractor trailer owned, leased, and/or operated by Double J Logistics, traveling eastbound on Interstate 20 in Newton County, Mississippi.

12.     At the same time and place Zewdie Dugda ("Dugda"), was the driver of a tractor trailer operating in the course and scope of his employment with Skymile Logistics and traveling eastbound on Interstate 20 in Newton County, Mississippi.   Dugda, negligently failed to maintain his tractor trailer, failed to use the tractor and trailer lights given the weather and road conditions present then and there at the time, failed to maintain a proper speed and failed maintain a proper lookout, thereby causing hazardous conditions for other drivers on the roadway and causing Franklin to collide into the rear end of Dugda/Skymile's, tractor trailer.

13.     At the same time and place Counter-Defendant/Decedent, Billy Larry Robinson (hereinafter "Robinson" or "Decedent Robinson"), was the driver of a tractor trailer operating in the course and scope of his employment with UPS and traveling eastbound on Interstate 20 in Newton County, Mississippi. Robinson negligently failed to maintain a safe distance between his tractor trailer and the Double J Logistics tractor trailer operated by Franklin, failed to slow his tractor trailer to a reasonable speed given the weather and traffic conditions present then and there at the time, failed to keep his tractor trailer in proper and reasonable control, failed to maintain a proper lookout and failed to stop his vehicle, thereby violently colliding with the rear of   Franklin/Double J Logistics' tractor trailer to be pushed forward, violently and forcefully, such that it collided into Dugda/Skymiles' tractor-trailer for a second time.

14.     Following the initial impact between the tractor trailers driven by Franklin and Dugda, Franklin was preparing to exit his vehicle by unbuckling his seat belt restraints. It was then that tractor trailer driven by Decedent Robinson, impacted the rear of the tractor trailer driven by Franklin.

15.     As a direct and proximate result of the careless, reckless and negligent acts of Decedent Robinson and/or Dugda, the impact of the tractor trailers caused Franklin to suffer serious injuries to his person.   Franklin, would show that he suffered injuries to his right hip, left arm and to his person as a whole.

16.     Franklin would show that he has had to be treated by doctors and other practitioners extensively, has been caused to suffer great pain, severe shock and intense mental anguish, and will suffer more of the same in the future as a result of the injuries he sustained in this collision. The negligent acts and omissions alleged herein further directly and proximately caused Franklin to already incur excessive hospital, medical, and drug bills, and he can reasonably expect to incur further such expenses in the future.   Dugda's and Robinson's negligence has directly caused Franklin, to have already incurred lost wages and he can reasonably expect to incur further lost wages in the future.

17.     Further, a direct and proximate result of the careless, reckless and negligent acts of Decedent Robinson and/or Dugda, the impact of the tractor trailers caused Double J Logistics to incur property damage and economic loss.

## NEGLIGENCE OF CROSS-DEFENDANT, ZEWDIE DUGDA

18.     Franklin and Double J Logistics adopt and allege the allegations contained in the foregoing paragraphs 1-17 of this Counterclaim/Cross/Third-Party Complaint as if fully set out herein.

19.     The August 11, 2016 collision was caused by the recklessness, carelessness, and/or negligence of Dugda, for that among other acts, Dugda:

      a.     failed to keep and maintain proper lookout;

      b.     failed to keep and maintain his vehicle under free and easy control;

      c.     operated his vehicle at an excessive rate of speed under the traffic

conditions;

      d.     operated his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others;

      e.     failed to pay attention to traffic around him;

      f.     failed to have adequate lighting on the tractor trailer; and

      g.     violated the Mississippi Rules of the Road; and

      h.     violated the FMCSR.

Franklin and Double J Logistics charge that, as a direct and proximate result of the several acts of negligence of the Dugda, Franklin and Double J Logistics were caused to suffer injuries and damages. Franklin and Double J Logistics charge that the aforesaid acts and omissions were all in violation of a duty of reasonable care arising under the common law of the State of Mississippi, applicable statutes of the State of Mississippi and the Rules of the Road.

## NEGLIGENCE OF CROSS-DEFENDANT SKYMILE LOGISTICS

20.     Franklin and Double J Logistics adopt and re-allege the allegations contained in the foregoing paragraphs 1-19 of this Counterclaim/Cross/Third-Party Complaint as if fully set out herein.

21.     The aforementioned negligence of Dugda is directly imputed to Defendant, Skymile Logistics, because the vehicle driven by Dugda was owned by Skymile Logistics, for the purpose of Skymile Logistic's, business, and Dugda was then, at all times complained of, the agent, employee and/or servant of the aforesaid Skymile Logistics, and was acting in furtherance of the business of Skymile Logistics, and was within the course and scope of his employment.

22.     Franklin and Double J Logistics further charge Cross-Defendant, Skymile Logistics, with:

a.    Negligence/wanton operation of a commercial carrier due to inadequate safety management controls;

b.    negligently failing to supervise and monitor it's employee and/or agent Dugda;

c.    negligent/wanton entrustment;

d.    negligent retention of the driver, Dugda;

e.    negligent/wanton training and failing to provide driver safety training courses to its employee, Dugda;

f.    failing to instruct and/or train its employee and/or agent Dugda on safe driving habits;

g.    failing to stress safe driving habits to its employees and/or agents, including Dugda;

h.    encouraging the employee's unsafe driving habits to further its cause;

i.    negligent/wanton operation of a commercial vehicle;

j.    negligent maintenance of a commercial vehicle and/or equipment;

k.    violations of the Mississippi Rules of the Road;

l.    and violations of the FMCSR.

23.    Franklin and Double J Logistics further allege that Cross-Defendant Dugda was incompetent and/or unfit to operate Skymile Logistics' vehicle and that Skymile Logistics knew or should have known of Dugda's incompetence and/or unfitness to operate its vehicle. The negligent acts of Skymile Logistics was the direct and proximate cause of Franklin and Double J Logistics' injuries and damages.

## NEGLIGENCE OF DECEDENT, BILLY LARRY ROBINSON

24.     The allegations contained in the foregoing paragraphs 1-23 of this Counterclaim/Cross/Third-Party Complaint are adopted and incorporated herein by reference as if fully set out herein.

25.      The August 11, 2016 collision was caused by the recklessness, carelessness, and/or negligence of Decedent, Billy Larry Robinson, for that among other acts, the Decedent, Billy Larry Robinson:

       a.      failed to keep and maintain proper lookout;

       b.      failed to keep and maintain his vehicle under free and easy control;

       c.      operated his vehicle at an excessive rate of speed under the traffic conditions;

       d.      operated his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others;

       e.      drove too closely to the vehicle in front of him;

       f.      failed to pay attention to traffic around him;

       g.      failed to maintain a safe distance between him and the vehicle directly in front of him;

       h.      failed to slow down or stop his vehicle when lawfully required to do so;

       i.      drove into the rear of the Plaintiff's vehicle; and

       j.      violated the Mississippi Rules of the Road.

26.     The aforesaid acts and omissions were all in violation of Decedent Robinson's duty of reasonable care arising under the common law of the State of Mississippi, applicable statutes of the State of Mississippi and the Rules of the Road.   As a direct and proximate result of the several acts of negligence of the Decedent Robinson, Plaintiffs, Franklin and Double J Logistics were caused to suffer injuries and damages.

## NEGLIGENCE OF THIRD-PARTY DEFENDANT
## UNITED PARCEL SERVICE, INC.

27.     The allegations contained in the foregoing paragraphs 1-26 of this Counterclaim/Cross/Third-Party Complaint are adopted and incorporated by reference as if fully set out herein.

28.     All of the aforementioned negligence of Decedent Robinson, are directly imputed to Third-Party Defendant UPS because the vehicle driven by Robinson was owned by UPS for the purpose of UPS's business, and Robinson was then at all times complained of herein, the agent, employee and/or servant of UPS, and was acting in furtherance of the business of UPS's business, and was, at all times relevant hereto, doing so within the course and scope of Robinson's employment and/or agency relationship with UPS.

29.     Franklin and Double J Logistics further charge Third-Party Defendant UPS with:

a.     Negligence/wanton operation of a commercial carrier due to inadequate safety management controls;

b.     negligently failing to supervise and monitor it's employee;

c.      negligent/wanton entrustment;

d.     negligent retention of the driver;

e.     negligent/wanton training and failing to provide driver safety training courses to its employee;

f.     failing to instruct its employee on safe driving habits;

g.     failing to stress safe driving habits to its employees;

h.     encouraging the employee's unsafe driving habits to further its cause;

i.     negligent/wanton operation of a commercial vehicle;

j.     negligent maintenance of a commercial vehicle and/or equipment;

k.      violations of the Mississippi Rules of the Road;

l.      and violations of the FMCSR.

30.     Franklin and Double J Logistics further allege that Robinson was incompetent and/or unfit to operate UPS's vehicle and that UPS knew or should have known of Robinson's incompetence and/or unfitness to operate the UPS vehicle. The negligent acts of UPS were the direct and proximate cause of the Franklin and Double J Logistics' injuries and damages.

## NEGLIGENCE OF DEFENDANTS
## JOHN DOES I-X

31.     The allegations contained in the foregoing paragraphs 1-30 of this Counterclaim/Cross/Third-Party Complaint are adopted and incorporated herein as if fully set out herein.

32.     Third-Party Defendants John Does I-X are entities, companies or persons whose name and identities are unknown at this time to Franklin and/or Double J Logistics, but who may have been working in conjunction or in a joint venture or as a partner with the Decedent Robinson and/or UPS and/or Dugda, and/or Skymile Logistics, and may have been responsible for the damages caused to Franklin and Double J Logistics. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to Franklin and Double J Logistics for their injuries and damages. This complaint will be amended, in accordance with Fed. R. Civ. P. 15, to add the names of the parties who may be John Does if and when their identities are discovered.

## CLAIM FOR DAMAGES

33.     The allegations contained in the foregoing paragraphs 1-32 of this Counterclaim/Cross/Third-Party Complaint are adopted by reference and incorporated herein as if fully set out herein.

34.     The Cross-Defendants, Dugda and Skymiles Logistics, and Counter-Defendant, Decedent Robinson, and/or Third-Party Defendant, UPS, were grossly negligent, evidencing a callous disregard for the safety of motorists on Interstate 20 on August 11, 2016.

35.     The conduct of these Dugda, Skymiles Logistics, Decedent Robinson, and/or UPS, is part of a pattern of disregard of regulations for the safeguard of the public against injury from tractor trailers. The conduct of Dugda, Skymiles Logistics, Decedent Robinson, and/or UPS caused, or contributed to, the collision in which Franklin and Double J Logistics sustained injuries and damages. Such conduct by Dugda, Skymiles Logistics, Decedent Robinson, and/or UPS, rises to the level which justifies the imposition of an award of punitive damages.

36.     As a direct and proximate result of the wantonness, and/or recklessness, and/or gross negligence of Dugda, Skymiles Logistics, Decedent Robinson, and/or UPS,  Franklin and Double J Logistics sustained injuries and incurred damages. The statutes and regulations of the federal government and the State of Mississippi have proven inadequate to deter the conduct of these Counter/Cross/Third-Party Defendants.

## DAMAGES

37.     The allegations contained in the foregoing paragraphs 1-36 of this Counterclaim/Cross/Third-Party Complaint are adopted by reference and incorporated herein as if fully set out herein.

38.     As a direct and proximate result of the negligence alleged above by Dugda, Skymiles Logistics, Decedent Robinson, and UPS, the Counter/Cross-Plaintiff Franklin has suffered damages, including but not limited to, past pain, suffering and mental anguish, accrued medical expenses, lost earnings and other damages to be proven at trial.

39.     Franklin reasonably anticipates future damages, proximately caused by said negligence of these Defendants, by Dugda, Skymiles Logistics, Decedent Robinson, and UPS,

including future medical expenses; future pain, suffering and mental anguish; future lost earnings; permanent physical impairment; permanent disfigurement and other damages.

40.     Further, as a direct and proximate cause of the aforesaid negligence of these Defendants, by Dugda, Skymiles Logistics, Decedent Robinson, and UPS,  the tractor-trailer owned and/or operated by Double J Logistics, LLC sustained property damage, resulting in economic loss, including but not limited to loss of earnings, loss of use, loss of contents, and other losses to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Derrick A. Franklin and Double J Logistics, LLC, demand a trial by jury and judgement from by Zewdie D. Dugda, Skymiles Logistics, LLC Decedent Billy Robinson, and United Parcel Service, Inc., jointly and severally, for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages; and for punitive damages in an amount to be determined by a jury, including all expenses and costs of the civil action, and such other general relief as this Court and its jury deem just.

THIS, the 21st day of December, 2016.

Respectfully submitted,

*/s/ Ginny Y. Kennedy*
GINNY Y. KENNEDY, MB # 102199
*Attorney for Defendants Derrick A. Franklin*
*and Double J Logistics, LLC*
*and Counter/Cross/Third-Party Plaintiff*
*Double J Logistics, LLC*

OF COUNSEL:

WATSON HEIDELBERG JONES PLLC
2829 Lakeland Drive, Suite 1502
Flowood, Mississippi 39232
P.O. Box 23546
Jackson, Mississippi 39225-3546
601-939-8900 (general)
Fax.601-932-4400
gkennedy@whjpllc.com

                              And, Respectfully submitted by:

                              /s/ Gregory J. Bosseler
                              GREGORY J. BOSSELER (MB: 105011)
                              *Attorney for Counter/Cross/Third-Party Plaintiff*
                              *Derrick A. Franklin*

OF COUNSEL:
Gregory J. Bosseler
Harry McCumber
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: (601) 949-3388
Facsimile: (601) 949-3399
Email: gbosseler@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

I, Ginny Y. Kennedy, attorney for Derrick A. Franklin and Double J Logistics, LLC, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on all counsel of record as follows:

Robert S. Mink, Esq.
1000 Highland Colony Parkway
Building 5000, Suite 5203
Ridgeland, MS 39157

Nathan Van Der Veer, Esq.
D. Brett Turnbull (*Pro Hac Vice*)
FARRIS RILEY & PITT, LLP
1700 Financial Center
505 20th Street North
Birmingham, AL 35203

John W. Kitchens, Esq.
KITCHENS LAW FIRM, P.A.
P.O. Box 799
Crystal Springs, MS 39059

Gregory J. Bosseler, Esq.
Harry McCumber, Esq.
Morgan & Morgan, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201

THIS, the 21st day of December 2016.

*/s/ Ginny Y. Kennedy*
GINNY Y. KENNEDY