```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION
```

H.R., A MINOR CHILD WHO SUES BY AND
THROUGH HER MOTHER AND NEXT FRIEND,
KIMBERLY ROBINSON, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF BILLY ROBINSON, DECEASED                 PLAINTIFF

VS.                              CIVIL ACTION NO. 3:16CV655TSL-RHW

DOUBLE J LOGISTICS, LLC, A CORPORATION;
SKYMILE LOGISTICS, INC., A CORPORATION;
DERRICK A. FRANKLIN, AN INDIVIDUAL;
ZEWDIE D. DUGDA, AN INDIVIDUAL AND
JOHN DOES I-X                                            DEFENDANTS

                WITH CROSS-CLAIMS AND COUNTERCLAIMS

DERRICK A. FRANKLIN, AN INDIVIDUAL
AND DOUBLE J LOGISTICS, LLC,
A CORPORATION                             COUNTER/CROSS-PLAINTIFFS

VS.

ZEWDIE D. DUGDA, AN INDIVIDUAL,
SKYMILE LOGISTICS, INC., A CORPORATION            CROSS-DEFENDANTS

THE WRONGFUL DEATH
BENEFICIARIES OF BILLY ROBINSON, DECEASED,
BY AND THROUGH H.R., A MINOR                      COUNTER-DEFENDANT

AND

UNITED PARCEL SERVICE, INC.                    THIRD-PARTY DEFENDANT

                    MEMORANDUM OPINION AND ORDER

   Third-party defendant United Parcel Service, Inc. (UPS) has filed objections to the magistrate judge's June 26, 2017 order granting the motion of counter/cross-plaintiffs Derrick A. Franklin and Double J Logistics, LLC (Double J) to amend to add claims against UPS and UPS driver/employee Brad Lovelace.

Franklin and Double J have responded in support of the magistrate judge's ruling. The court, having considered the memoranda of authorities, together with the record in this cause, concludes the magistrate judge's order should be vacated. The court further concludes that the motion to amend should be denied.

This case arises from a vehicle accident involving three tractor-trailer rigs which resulted in the death of Billy Robinson. Around 3:45 a.m. on August 11, 2016, defendant Franklin, while traveling eastbound on Interstate 20 in a tractor-trailer rig owned by Double J, struck the rear of a tractor-trailer owned by Skymile Logistics and operated by Zewdie Dugba. According to the complaint filed by Billy Robinson's wrongful death beneficiaries, following this collision, both vehicles stopped in the right lane of the interstate. Billy Robinson, an employee of UPS operating a UPS tractor-trailer eastbound on I-20, approached the accident scene and was unable to avoid the Franklin and Dugba vehicles. His vehicle collided with the rear of Franklin's vehicle, and as a result of the collision, Billy Robinson was killed.

Robinson's heirs brought this action seeking to recover damages for his alleged wrongful death. Along with their answers, Dugba/Skymile and Franklin/Double J filed cross-claims against each other, counterclaims against Robinson's heirs alleging Robinson was negligent in failing to avoid the collision, and

third-party complaints against UPS alleging UPS was vicariously liable for Robinson's negligence.[1]

In February 2017, Brad Lovelace, a UPS driver, was deposed. Lovelace testified that in the early morning hours of August 11, 2016, he departed the UPS facility in Jackson headed to Tuscaloosa, Alabama via I-20 East. As he approached the Lake exit, it was very dark and visibility was limited. He noticed a car in front of him in the right lane suddenly brake hard and move to the left, which indicated a hazard ahead. Lovelace barely managed to avoid a collision with the Franklin/Double J and Dugba/Skymile vehicles. He testified that when he came up on the trailers, there was "no lighting on whatsoever. No marker lights, no caution lights, no flashers going, and they did not have any of their reflective triangles out behind the vehicle." After passing the wreck, Lovelace continued on his way. Lovelace testified that at that time, he was aware that there were other UPS tractor-trailers traveling eastbound on I-20, some distance behind him, those vehicles having been dispatched from the UPS hub in Jackson close to the time he was dispatched. When asked, he stated he did not radio these other drivers to alert them to the hazard since he did not have a CB radio in his truck and he did not have phone

---

[1] Defendants also alleged various direct negligence claims against UPS. However, since UPS admitted it would be vicariously liable for any negligence by Robinson, those claims were dismissed as redundant by order entered April 11, 2017.

3

numbers for any of these other drivers so could not contact them by phone. He further stated that he did not call his supervisor to let him know there was a hazard in the roadway.

In light of Lovelace's testimony, Franklin/Double J moved to amend their third-party complaint to (1) add Lovelace as a defendant based on allegations that he was negligent in failing to communicate with his fellow UPS drivers to warn them of the Dugda-Franklin collision; and (2) add claims against UPS of vicarious liability for Lovelace's negligence and for its own independent negligence in (a) failing to provide a radio or other communications system or other equipment for the use of its drivers to warn and alert other UPS drivers who might be approaching a hazard in their path of travel and (b) failing to implement and train its drivers on reasonable safety policies, procedures and/or protocols, including communication between fellow UPS drivers, to alert its drivers of potentially hazardous conditions.

UPS opposed the motion to amend on the bases of futility and undue prejudice. In granting the motion to amend, the magistrate judge did not consider or reject UPS's arguments in opposition to the motion, including, in particular, its futility objection. Rather, he determined to "make no finding regarding Defendants' arguments on the substantive merits of the proposed amended complaint," reasoning that "[t]he more proper course would be to

test the allegations and claims in the context of a dispositive motion." He thus concluded that the motion to amend should be granted, since it was timely filed, and given the liberal amendment rules. UPS contends on its present motion for review that it presented meritorious arguments in opposition to the motion to amend which the magistrate judge failed to even consider. UPS submits, therefore, that the ruling was clearly erroneous and/or contrary to law.

Pursuant to 28 U.S.C. § 636, a magistrate judge may hear and determine pretrial non-dispositive matters. The court's review of a magistrate judge's order on a non-dispositive motion is under a "clearly erroneous or contrary to law" standard. See Fed. R. Civ. P. 72(a) (upon objection by party to magistrate judge's ruling on nondispositive pretrial matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(A) (district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").[2] A factual finding is

---

[2] The magistrate judge's authority with respect to dispositive motions is more limited: He may make only a recommended disposition, which the district judge must review de novo in the event of an objection and which the district judge "may accept, reject, or modify". Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

5

clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L.Ed. 746 (1948)).  The magistrate judge's legal conclusions are reviewed de novo.  Moore v. Ford Motor Co., 755 F.3d 802, 806 (5th Cir. 2014).  See also Ambrose-Frazier v. Herzing Inc., No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).

   Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  The Fifth Circuit has identified the following factors for the court to consider in deciding whether to grant leave to amend: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendment, (4) undue prejudice to the opposing party, and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted).  Here, no contention was made that there were any issues related to delay or bad faith; and UPS agreed this was Franklin/Double J's first attempt to amend

their pleadings.  UPS argued that the motion to amend should be denied as futile and creating undue prejudice, and further because it was not a proper third-party claim.

Some courts have found a magistrate judge's failure to fully consider a defendant's specific objections to a motion to amend would constitute error, and potentially reversible error, if there was merit to the objection.  See, e.g., Jones v. Casey's Gen. Stores, 538 F. Supp. 2d 1094, 1101 (D. Iowa 2008) (finding that "magistrate judge erred in not fully and explicitly considering Defendants' argument of undue delay and prejudice," but finding that this did not warrant reversal where the defendant failed to establish that granting motion to amend was in fact prejudicial to it); cf. Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc., No. CIV. 11-00515 SOM, 2013 WL 1337007, at *4 (D. Haw. Mar. 28, 2013) (magistrate judge's failure to fully consider non-movant's arguments regarding undue delay and prejudice "would be reversible error only if the party opposing the motion for leave to amend satisfied its burden of establishing prejudice").

Some courts have also held that a magistrate judge lacks authority to consider a motion to amend to which objection is made based on futility, though there is a divergence of opinions on this matter.  In Thornton v. Blake, No. CIVA 308CV775HTW-LRA, 2009 WL 5064753 (S.D. Miss. Dec. 16, 2009), Magistrate Judge Anderson found that a ruling on a defendant's futility objection in

response to a motion to amend would be "premature"; but she went on to state that a finding of futility by her in the context of a motion to amend

> would be tantamount to this Magistrate Judge making a dispositive ruling. The legal issues set forth in these memoranda should be presented to the district judge via a dispositive motion, based upon the allegations contained in the Amended Complaint. At this stage of the litigation, the Court finds that the amendment should be allowed. Defendants' arguments regarding the futility of the amendment may be considered by [the district judge] when dispositive issues are determined.

Id. at *1. Another court has recently noted:

> The law is not settled regarding whether a motion to amend that is denied is a case-dispositive motion under 28 U.S.C. § 636. "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." Cazares v. Morris, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citing, *inter alia*, JJCO, Inc. v. Isuzu Motors America, Inc., 2009 WL 3818247, *2 (D. Haw. Nov. 12, 2009)) (magistrate judge's denial of a motion for leave to amend complaint is not a dispositive ruling) (citing, in turn, U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985)), *superseded by statute on other grounds as recognized in* Simpson v. Lear Astronics Corp., 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion). There are circumstances, such as when a "magistrate judge denies a party the opportunity to assert a new claim or defense[,]" or "when the denial is specifically premised on futility[,]" that courts have "view[ed] a magistrate judge's denial of a motion for leave to amend as a dispositive ruling." JJCO, Inc., *supra*, 2009 WL 3818247, at *3 (citing cases). That "view is not universal[,]" as the court in JJCO, Inc. astutely observed, however. Id. at *3 (citing Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006)) (finding a magistrate judge's denial of a motion to amend on

> grounds of futility to be nondispositive and subject to review for clear error by the district court); <u>Morgal v. Maricopa County Bd. of Supervisors</u>, 284 F.R.D. 452, 458 (D. Ariz. 2012). It does not appear that the Fifth Circuit has ruled on this issue. However, at least one other court in this Circuit has held that a magistrate judge may conclusively decide a motion for leave to amend, even one that results in a denial of leave. See <u>Chesapeake Louisiana, L.P. v. Innovative Wellsite Systems, Inc.</u>, 2014 WL 4387297 n. 1 (W.D. La. Sept. 4, 2014).

<u>Allen v. LeBlanc</u>, No. CV 15-0600-SDD-EWD, 2017 WL 29670, at *3 (M.D. La. Jan. 3, 2017).

In this case, the magistrate judge did not explicitly state that he was declining to consider UPS's futility argument because he considered that matter was (or might be) dispositive and hence beyond his authority. That could be a reasonable interpretation of his ruling, particularly as he indicated that it would be "more proper" to evaluate the merits of the claims in the context of a dispositive motion. In the court's opinion, if the motion to amend was not rendered dispositive by UPS's futility objection, then the magistrate judge should have fully considered UPS's objections and denied the motion only if he found there was no merit to the objections. On the other hand, if the magistrate judge considered the motion to amend was rendered dispositive by virtue of UPS's futility objection, then he should have presented his ruling as a recommendation or, alternatively, the undersigned should have decided the motion in the first instance. The point is simply that UPS was entitled to have its objections properly

considered.  And, because the court has to date failed to consider UPS's objections, the undersigned finds it appropriate to do so now.

A proposed amendment is futile if the complaint "would [not] survive a motion to dismiss under Rule 12(b)(6), which requires the plaintiff to allege sufficient facts to 'raise a right to relief above the speculative level.'"  Vallery v. Am. Girl, L.L.C., No. 15-30472, 2017 WL 2829096, at *2 (5th Cir. June 29, 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  While "all well-pleaded facts are viewed in the light most favorable to the plaintiff," a plaintiff "must allege facts that support the elements of the cause of action in order to make out a valid claim."  City of Clinton, Ark. v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010).

Franklin/Double J's proposed amended complaint undertakes to assert a negligence claim against Brad Lovelace (who is not presently a defendant) for failing to warn UPS and/or other UPS drivers of the alleged hazardous condition presented by the Double J and Skymile tractor-trailers being in or partially in the lane of travel.  It also adds claims against UPS for failing to provide communication device systems and/or equipment by which its drivers could warn other drivers of potentially hazardous conditions and/or failing to have a system in place by which a driver could

10

warn other drivers of potentially hazardous conditions and/or failing to train its drivers on procedures for warning fellow drivers of potential hazards in the roadway.  UPS contends that the proposed amendments are legally insufficient and hence futile since as a matter of established Mississippi law, "there is no affirmative duty to aid or protect others," Higginbotham v. Hill Bros. Constr. Co., 962 So. 2d 46, 56 (Miss. Ct. App. 2006).[3]

All negligence claims have four essential elements: "(1) duty, (2) breach, (3) causation, and (4) injury." O'Gwin v. Isle of Capri Natchez, Inc., 139 So. 3d 783, 787 (Miss. Ct. App. 2014) (internal quotation marks and citation omitted).  "To prevail in any type of negligence action, a plaintiff must first prove the existence of a duty."  Enter. Leasing Co. S. Cent. v. Bardin, 8 So. 3d 866, 868 (Miss. 2009) (citing Laurel Yamaha, Inc. v. Freeman, 956 So. 2d 897, 904 (Miss. 2007)).  See also Doe v. Hunter Oaks Aptx., L.P., 105 So. 3d 422, 424 (Miss. Ct. App. 2013) ("It is basic tort law that before one can be found negligent he must owe a duty to the injured party.") (internal quotation marks and citation omitted).  The determination of whether a duty exists is a question of law to be determined by the court, not a question of fact for the jury.  Griffith v. Entergy Miss., Inc., 203 So. 3d

---

[3] Since jurisdiction is based on diversity of citizenship, the substantive law of the forum state, Mississippi, controls. Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc., 686 F.3d 314, 316 (5th Cir. 2012).

11

579, 585 (Miss. 2016); Doe v. Hunter Oaks Apts., L.P., 105 So. 3d 422, 425 (Miss. Ct. App. 2013).

As UPS notes, Mississippi courts hold to "the general rule ... that '[an] actor's realization that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action.'" Clausell v. Bourque, 158 So. 3d 384, 390 (Miss. Ct. App. 2015) (quoting Long v. Patterson, 198 Miss. 554, 561, 22 So. 2d 490, 492 (1945), in turn quoting Restatement (First) of Torts § 314 (1934))[4]. In Long, the court wrote that, "[w]hatever we may think of this as a moral proposition," there is "no duty imposed by law upon any person to warn another of an approaching of impending danger to the latter, when the person sought to be charged had and has nothing to do with putting into operation, or with the continuance in operation of, the dangerous agency which approaches...." Long, 198 Miss. at 561, 22 So. 2d at 492. "[T]his rule is applicable even in cases in which the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person, at least if the defendant has no reason to believe that the third person is incompetent to manage it." Permenter v. Milner Chevrolet Co., 229 Miss. 385, 398, 91 So. 2d 243, 248-49 (1956).

---

[4] The language of the Restatement (Second) of Torts § 314 (1965) is identical.

12

There are exceptions to this general rule, one of which is that the existence of a special relationship may, in certain circumstances, give rise to a duty to protect. In this vein, the Mississippi Supreme Court has cited with approval § 315 of the Restatement of Torts, which states:

> There is no duty so to control the conduct of a third person as to prevent him from causing bodily harm to another unless,
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (First) of Torts § 315 (1934). See Permenter v. Milner Chevrolet Co., 229 Miss. 385, 398, 91 So. 2d 243, 248 (1956) (quoting Restatement); see also Tanks v. NEAS, Inc., 519 F. Supp. 2d 645, 653 (S.D. Miss. 2007) (exceptions to rule that there is no duty to control another's conduct in order to protect a third person from harm, are recognized in situations where a special relationship between two persons "gives the one a definite control over the actions of the other" or "a special relationship exists which imposes a duty upon one to control the actions of another," or "where a special relationship gives a third person a right to protection.") (internal quotation marks and citation omitted); Younger v. Hale, No. CIVA 3:04CV786DCBJCS, 2006 WL 2375052, at *4 (S.D. Miss. Aug. 14, 2006) (recognizing Restatement § 315 as exception to general principle that a person has no duty to control the conduct of a third person).

Here, there is nothing in the complaint to suggest that either UPS or Lovelace had any sort of relationship with Franklin/Double J that could possibly have given rise to a duty to protect Franklin/Double J. So far as appears from the complaint, they were complete strangers. Moreover, the allegations of the proposed amended complaint indicate that Lovelace was merely Robinson's co-worker. There is nothing to suggest that he had any authority to control Robinson, and thus, as a matter of law, there was no special relation between Lovelace and Robinson that would have imposed on Lovelace a duty to prevent Robinson from causing harm to Franklin/Double J. Cf. Doe v. Hunter Oaks Apts., 105 So. 3d at 426 ("A person who does not have the ability to control another's conduct should not have liability imposed upon him or her for the tortious act of that other person.") (quoting Doe v. State ex rel. Miss. Dept. of Corr., 859 So. 2d 350, 359 (Miss. 2003)).

The employer/employee relation is a special relation that may potentially give rise to a duty on the part of the employer to protect another from its employee's conduct under certain circumstances. See, e.g., Doe v. MySpace, Inc., 474 F. Supp. 2d 843, 850 (W.D. Tex. 2007), aff'd, 528 F.3d 413 (5th Cir. 2008) (stating that special relationships which impose a duty upon the actor to control the third person's conduct include the relationship between employer and employee). An employer has the ability to control its employees while acting within the course

14

and scope of their employment. Indeed, under Mississippi law, "[t]he overarching inquiry" in determining whether one can be properly categorized as an employee "is whether the employer exhibited the requisite amount of control over the engaged party...." Woodring v. Robinson, 892 F. Supp. 2d 769, 776 (S.D. Miss. 2012) (quoting McKee v. Brimmer, 39 F.3d 94, 96 (5th Cir. 1994)). The fact of an employer/employee relationship alone, however, does not create a duty in all situations. And there is no precedent in Mississippi law to suggest any arguable basis for finding a duty on the part of an employer (1) to first discover potential hazards that its employees might encounter, not on the employer's premises but somewhere out in the world, and then, because of the possibility that its employees might fail to become aware of such hazards on their own, (2) to warn its employees of such hazards in order to minimize the risk of harm to the public at large.

This court's task in a diversity action is to apply the law of Mississippi, not "to create ... a duty, which is not yet recognized by the Mississippi Supreme Court, nor which is a rational extension of an already existing duty." Thus, in Cameron v. Werner Enterprises, Inc., No. 2:13CV243-KS-JCG, 2015 WL 4393068, at *2 (S.D. Miss. July 15, 2015), a wrongful death action involving a collision between two commercial vehicles around 4:00 a.m. in heavy fog, the court refused to find a duty on the part of the defendant employer to utilize a Qualcomm message system to

alert its drivers of weather problems.  Its function, the court wrote, was "to apply Mississippi law and not to create or adopt innovative theories of recovery."  Id. at 3 (citing Allstate Ins. Co. v. Receivable Fin. Co., 501 F.3d 398, 411 (5th Cir. 2007) ("We have long followed the principle that we will not create innovat[ive] theories of recovery or defense under local law, but will rather merely apply it as it currently stands.") (citation omitted); and Janus, 48 F.3d 532, 1995 WL 84545, at *2 (5th Cir. 1995) (rejecting the plaintiffs' negligence claim that depended upon a legal duty not yet recognized by Mississippi's highest court)).  The court "declined to contravene this well established principle" and rejected the plaintiff's "novel, unsupported arguments" in support of a duty to warn employee drivers of hazardous weather conditions.  Id.

Plaintiff's theory here, both as to Lovelace and UPS, is likewise novel, and finds no support in Mississippi law. Accordingly, for the reasons set forth herein, it is ordered that the magistrate judge's order granting Franklin/Double J's motion to amend is vacated.  It is further ordered that Franklin/Double J's motion to amend to add claims against UPS and Lovelace is denied on the basis of futility.

SO ORDERED this 19th day of September, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE